G. Llinás & Co., *S. en C.*, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 950. Submitted April 2, 1935.—Decided April 12, 1935.

*Luis López de Victoria* for appellant. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the court.

The appellant on the 12th of June, 1934, presented a contract for record in the Registry of Property of San Germán. The record was refused on the 16th of June and a caveat noted for 120 days. On appeal, with the vacation of this court intervening, we reversed the order and on the 14th of December, 1934, ordered the record. *G. Llinás & Co.* v. *Registrar*, 47 P.R.R.____.*

Thereupon the appellant presented his contract again and the registrar refused to record it unless the appellant

* Note.—For page number see "Table of Cases Cited in Opinions—Citations from Puerto Rico Reports," this volume.

attached new revenue stamps. The theory of the registrar was that as the 120 days had expired, he was powerless under the law to take any fresh steps without the payment of the revenue stamps.

Section 6 of the Act of March 1, 1902, was amended on the 13th of April, 1916, to read as follows:

"Section 6.—When the Supreme Court approves or affirms the decisions of the registrar, it may impose on the appellant, as costs, the payment of a sum not less than ten or more than fifty dollars, collectible by means of legal proceedings and payable into the Insular Treasury. If the decision of the registrar is reversed by the Supreme Court the record shall be made without the payment of additional fees unless the Supreme Court shall otherwise order."

The words are imperative. The Legislature has indicated its intention that in all cases where the note of the registrar is reversed the record should be made without further charges, unless this court otherwise orders. To suppose that the Legislature was only referring to the period of 120 days would make section 6 as it stands unnecessary, because, even without such provision, as the registrar himself maintains, under the Mortgage Law and perhaps otherwise he would have no right to proceed without the attachment of stamps.

The idea is, it may be said, that while the caveat itself can not be converted into a record the document must be recorded independently, no matter what was the effect, if any, of the lapse of the caveat.

The action of the registrar must be reversed and the record made without the requirement of further presentation of stamps.